LEMMON, Judge.
In this automobile accident case Raymond Schmidt and his insurer have appealed from a judgment awarding damages to Pamela Bebout. Defendants contest both liability and quantum.
The two-car accident occurred at about 8:05 A.M. on Interstate Highway 10 in New Orleans. Both vehicles were traveling west. At the point of the collision, about one block before the Louisa Street entrance, the highway consisted of three lanes for westbound traffic and an emergency parking lane.
Schmidt testified that he was driving 45 to 50 miles per hour in the left lane, when Miss Bebout’s car swerved over from the center lane sideways into his lane, rear end first. He applied his brakes, but the left front of his vehicle struck her car near the right front door.
On the other hand, Miss Bebout testified that she had been driving in the left lane for some time and through her rear view mirror had previously observed Schmidt’s car behind her in the same lane; that she was traveling at almost the speed limit of 60 miles per hour; that the driver of the car in front of her suddenly applied his brakes, apparently because of a traffic build-up caused . by an accident at the Louisa Street entrance; that she applied her brakes and skidded, but did not strike the car in front which eventually proceeded on; and that she came to a stop and was then hit by Schmidt’s vehicle.
The policeman who investigated the accident testified that each driver related substantially the same story right after the accident, except that Miss Bebout’s estimated speed was reported to be 40 miles per hour. Additionally, the officer testified that Miss Bebout left 7 to 10 feet of skidmarks, all in the left lane, and that the marks began in a straight line, then curved to the right. He also found 14 to 16 feet of skid marks made by Schmidt’s car in the same lane, but found no skid marks in the center lane. The same officer had investigated the earlier accident at the Louisa Street entrance and testified that the Schmidt-Bebout collision occurred about 20 minutes later and about one block from the first accident. He did not remember how far back the traffic was congested at the time of the second accident, but verified there was some congestion.
Commenting that the physical evidence and the officer’s testimony supported Miss Bebout’s version, the trial judge rendered *580 judgment in her favor. After reviewing the record, we cannot find that the trial judge committed manifest error in thus resolving the conflicting testimony, although there were some inconsistencies in each version.
Defendants contend, however, that even if Schmidt was negligent, Miss Bebout was contributorily negligent in following too closely behind the car in front of her and in making an abrupt, unnecessary and improper stop. We cannot conclude from the evidence that Miss Bebout’s emergency stop was unnecessary. Although she did not observe traffic congestion prior to the accident, her story that the preceding car suddenly applied its brakes upon approaching the congested area is very plausible. She responded to the emergency and avoided a collision with the preceding car. Schmidt also responded, but did not avoid the collision, either because he responded too late or was following too closely.
We conclude that defendants have failed to prove contributory negligence.
After the January 27, 1971 accident Miss Bebout consulted her doctor, who found spasm of the trapezius muscles bilaterally at the. back of the neck. He also elicited pain on extreme neck flexion and rotation. X-rays revealed loss of cervical lordosis.
The doctor, diagnosing acute cervical strain and the intercostal muscular strain, prescribed rest, medication, heat and diathermy treatments. He administered the treatments for about one month and followed Miss Bebout’s recovery in his office through February and March. On April 9, 1971 Miss Bebout complained of pain only after activity involving use of the neck, and the doctor stated his expectation that this residual pain would shortly clear up and leave no permanent disability.
■ Miss Bebout returned once in May, as instructed, but did not seek further treatment because her occasional pain thereafter was “nothing really bad.”
The doctor’s bill was $171.00. Miss Be-bout missed 13 work days immediately following the accident and one additional day in March.
In addition to the medical and other special damages, the trial judge awarded $3,500.00 for pain and suffering. We do not find that this award is so excessive as to constitute an abuse of the “much discretion” vested in the trial judge by C.C. art. 1934(3).
The judgment is affirmed.
Affirmed.